**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| CANDY L. STORMER, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO: 4:20-cv-00292 |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Midland Credit Management, Inc. ("Defendant"), by and through its undersigned counsel, file this Answer and Affirmative Defenses in response to the Complaint filed by Plaintiff, Candy L. Stormer ("Plaintiff") [ECF No. 1], as follows: [1]

**Nature of the Action**

1.       Defendant admits only that Plaintiff purports to bring claims under the Fair Debt Collection Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Texas Debt Collection Act ("TDCA").  Defendant denies any and all liability asserted against it in this Complaint.

**Jurisdiction and Venue**

2.       Defendant states that the allegations contained in Paragraph 2 of the Complaint call for legal conclusions and contain legal argument of counsel. To the extent a response is required, Defendant states that, based upon the allegations of the Complaint, this Court currently has subject matter jurisdiction. Defendant admits the existence of the FDCPA, 15 U.S.C. § 1692, 28 U.S.C. §§

---

[1] Defendant reserves any and all rights under the card agreement applicable to Plaintiff's account. The card agreement contains an arbitration provision and class action waiver. Defendant specifically reserves its right under the Federal Arbitration Act to move to compel arbitration and strike the class allegations from the Complaint.

1331, 1367, 2201, and 2202, which speak for themselves. Defendant denies any liability whatsoever under the FDCPA and TDCA.

3.      Defendant states that the allegations contained in Paragraph 3 of the Complaint call for legal conclusions and contain legal argument of counsel. To the extent a response is required, Defendant states that, based upon the allegations of the Complaint, this Court currently has proper venue. Defendant admits the existence of 28 U.SC. § 1391, which speaks for itself.

## Parties

4.      Defendant is without knowledge as to where Plaintiff resides.  Defendant states that whether Plaintiff is a consumer under 15 U.S.C. § 1692(a)(3) and Texas Fin. Code § 392.001(1) calls for a legal conclusion.  To the extent a response is required, Defendant is without knowledge of the remaining allegations contained in Paragraph 4 of the Complaint and therefore denies these allegations.

5.      Defendant admits that it is incorporated in Kansas and that its principal place of business is in San Diego, California. Defendant states that whether it is a debt collector pursuant to 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) calls for a legal conclusion. To the extent a response is required, Defendant states that its website speaks for itself.

6.      Defendant states that the allegations of Paragraph 6 call for a legal conclusion and consist of legal arguments as to which no response is required.  To the extent a response is required, Defendant is without knowledge of the allegations contained in Paragraph 6 and therefore denies these allegations.

## Facts Supporting Causes of Action

7.      Defendant admits that according to its records Plaintiff obtained credit from Synchrony Bank. Defendant states that it is without knowledge of the remaining allegations

contained in Paragraph 7 and therefore denies them.

8.      Defendant states that it is without knowledge of the allegations contained in Paragraph 8 and therefore denies them.

9.      Defendant admits that it caused to be sent a letter to Plaintiff dated August 30, 2019, which letter speaks for itself.

10.     Defendant states that the envelope that was used to mail the letter dated August 30, 2019 speaks for itself.

11.     Defendant states that it is without knowledge of the allegations contained in Paragraph 11 and therefore denies them.

12.     Defendant states the August 30, 2019 letter speaks for itself.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant states that it is without knowledge of the allegations contained in Paragraph 14 and therefore denies them.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

**Count I – Violations of the Fair Debt Collection Practices Act**

17.     Defendant adopts and incorporates its responses to the above paragraphs as though fully set forth herein.

18.     Defendant states that whether Plaintiff is a consumer under 15 U.S.C. § 1692a(3) calls for a legal conclusion. To the extent a response is required, Defendant states that Plaintiff is obligated to make payments on the subject account.

19.     Defendant states that whether it is a debt collector pursuant to 15 U.S.C. § 1692a(6) calls for a legal conclusion. To the extent a response is required, Defendant states that, from time to time, it seeks payments of amounts due and owing on certain charged off accounts.

20.     Defendant states that the allegations of Paragraph 20 call for a legal conclusion and consist of legal arguments as to which no response is required. To the extent a response is required, Defendant states that, from time to time, it seeks payments of amounts due and owing on certain charged off accounts.

21.     Defendant states that the allegations of Paragraph 21 call for a legal conclusion and consist of legal arguments as to which no response is required. To the extent a response is required, Defendant states it is without knowledge of the allegations contained in Paragraph 21 and therefore denies them.

### a.     Violations of FDCPA § 1692e

22.     Defendant states that Section 1692e of the FDCPA speaks for itself.

23.     Defendant states that Section 1692e of the FDCPA speaks for itself.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

### b.     Violations of FDCPA § 1692f

25.     Defendant states that Section 1692f of the FDCPA speaks for itself.

26.     Defendant states that Section 1692f of the FDCPA speaks for itself.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

## <u>DENIAL OF RELIEF SOUGHT IN WHEREFORE CLAUSE</u>

Defendant denies that Plaintiff is entitled to any of the relief requested in the Wherefore Clause.

## Count II – Violations of the Texas Debt Collection Act

29.     Defendant adopts and incorporates its responses to the above paragraphs as though fully set forth herein.

30.     Defendant states that whether Plaintiff is a consumer under Texas Fin. Code § 392.001(1) calls for a legal conclusion. To the extent a response is required, Defendant is without knowledge of the allegations contained in Paragraph 30 and therefore denies them.

31.     Defendant states that whether Defendant is a third-party debt collector under Texas Fin. Code § 392.001(7) calls for a legal conclusion. To the extent a response is required, Defendant states that, from time to time, it seeks payments of amounts due and owing on certain charged off accounts.

32.     Defendant states that determining the existence of a consumer debt under Texas Fin. Code § 392.001(2) calls for a legal conclusion. To the extent a response is required, Defendant is without knowledge of the allegations contained in Paragraph 32 of the Complaint and therefore denies them.

### a.       Violations of TDCA § 392.304

33.     Defendant states that Tex. Fin. Code Ann. § 392.304(19) speaks for itself.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

## DENIAL OF RELIEF SOUGHT IN WHEREFORE CLAUSE

Defendant denies that Plaintiff is entitled to any of the relief requested in the Wherefore Clause.

## GENERAL DENIAL

Except as expressly admitted in this Answer, Defendant denies each and every allegation in the Complaint.

## DEFENDANT' AFFIRMATIVE DEFENSES

### First Affirmative Defense
(Failure to State a Claim)

Plaintiff's Complaint, and each cause of action set forth therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
(No Standing)

Plaintiff lacks standing to bring the claims as alleged in the Complaint.

### Third Affirmative Defense
(Statutory Damages Limited)

In the event Plaintiff is able to adequately plead a violation of the FDCPA or TDCA, which Defendant specifically denies, Plaintiff and/or the putative class are only entitled to statutory damages capped per action, not per violation.

### Fourth Affirmative Defense
(Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.  To that end, Defendant has policies and procedures in place reasonably adapted to avoid the purported violations of the FDCPA and TDCA asserted in the Complaint.

### Fifth Affirmative Defense
(No Award of Damages or Attorney's Fees is Warranted)

To the extent it is determined that Defendant violated the FDCPA or TDCA, which Defendant specifically denies, any award of damages or attorney's fees would be improper because any such violation would be *de minimis*, inconsequential, or immaterial.

### Sixth Affirmative Defense
(No Materiality)

Any purported misrepresentation and/or omission is not material within the meaning of the FDCPA or TDCA, particularly in light of Defendant' policies and procedures.

### Seventh Affirmative Defense
(Arbitration Agreement)

Defendant states that an arbitration agreement governs Plaintiff's account and requires that the claims asserted in this Complaint be brought in arbitration.  To that end, Plaintiff has violated the arbitration agreement by asserting this matter in federal court.

### Eighth Affirmative Defense
(Additional Defenses)

Defendant expressly and specifically reserve the right to amend this Answer and to add, delete, or modify affirmative defenses based on legal theories, facts and circumstances which may or will be developed through discovery or further legal analysis of Plaintiff's and the putative class's claims and Defendant' position in this litigation.

## PRAYER FOR RELIEF

Wherefore, Defendant pray that the Court determine and adjudge as follows:

1.  That the Complaint be dismissed with prejudice;

2.  That Plaintiff takes nothing by their Complaint;

3.  That judgment be rendered in favor of Defendant;

4.  That Defendant be awarded all of their costs, disbursements, and expenses incurred herein; and,

5.  That the Court award such other and further relief as it deems just and proper.

Dated: March 13, 2020.                    Respectfully submitted,

                                          HOLLAND & KNIGHT LLP

                                   By:  /s/ Jeffrey D. Anderson
                                          Jeffrey D. Anderson
                                          S.D. Admission No. 2338755
                                          Texas Bar No. 24087100
                                          jeffrey.anderson@hklaw.com
                                          1100 Louisiana Street, Suite 4300
                                          Houston, TX 77002
                                          Telephone: (713) 821-7000
                                          Facsimile: (713) 821-7001

                                          Cory W. Eichhorn
                                          *Pro Hac Vice Motion Forthcoming*
                                          Florida Bar No. 576761
                                          cory.eichhorn@hklaw.com
                                          701 Brickell Avenue, Suite 3300
                                          Miami, FL  33131
                                          Telephone:  (305) 374-8500
                                          Facsimile:  (305) 789-7799

                                          ATTORNEYS FOR DEFENDANT MIDLAND CREDIT
                                          MANAGEMENT, LLC


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint was electronically filed via the CM/ECF system on March 13, 2020, which will provide a copy to all counsel of record.

                                          /s/ Jeffrey D. Anderson
                                          Jeffrey D. Anderson