**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| CANDY L. STORMER, individually and on behalf of a class of similarly situated individuals, | |
| | CASE NO. 4:20-cv-00292 |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

**FIRST AMENDED COMPLAINT**

NOW comes CANDY L. STORMER ("Plaintiff"), by and through her attorney, James C. Vlahakis, and complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), states as follows:

**I.  Nature of This Civil Action**

1.      Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*

**II.      Parties, Jurisdiction and Venue**

2.      Plaintiff is a consumer over 18 years-of-age residing in Houston, Texas, which is located within the Southern District of Texas.  Defendant mailed letters to Plaintiff at an address located in Houston, Texas.

3.      Defendant is a corporation organized under the laws of the state of Kansas, with its principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

4.      This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

**III. Background Facts Supporting Causes of Action**

6.      Defendant's attempted to collect defaulted credit card debts that Defendant's records show that Plaintiff purportedly owed to Synchrony Bank. The defaulted credit card debts are related to two credit cards issued by Synchrony. The first debt is an AEO, Inc. branded credit card issued by Synchrony Bank. The second debt is an Old Navy branded credit card issued by Synchrony Bank. At times, the AEO, Inc. and Old Navy branded credit cards shall be referred to as the "Subject Debts".

7.      Plaintiff incurred the Subject Debts to finance the purchase of personal and family household goods and/or services. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

8.      Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.  Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

9.      Defendant is a debt collector. Defendant is a debt collector as defined by § 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts. Defendant's principal purpose is the purchase of and collection of consumer debts.

10.      On or around August 30, 2019, Defendant mailed or caused to be mailed a collection letter in an attempt to collect the Synchrony Bank, Old Navy branded credit.

11.     A true and accurate image of the August 30, 2019, collection letter is depicted below:



12.     Defendant's August 30th letter was enclosed in an envelope that displayed the words "**TIME SENSITIVE DOCUMENT**" on its exterior in bold font.

13.     A true and accurate image of the   "**TIME SENSITIVE DOCUMENT**" envelope is depicted below:



14.     After reading the words "**TIME SENSITIVE DOCUMENTS**", Plaintiff immediately opened the envelope.

15.     Defendant's use of the words "**TIME SENSITIVE DOCUMENT**" on the face of the envelope used to mail the August 30, 2019 letter materially misled and confused Plaintiff as she did not understand what was allegedly "**TIME SENSITIVE**" about the enclosed collection letter, where the enclosed letter contained no settlement offers or payment due dates. As a result of Defendant's use of the words "**TIME SENSITIVE DOCUMENT**" on the face of the envelope, Plaintiff was confused and thereafter attempted to investigate her rights under the FDCPA.

16.     The envelope's inclusion of the words "**TIME SENSITIVE DOCUMENT**" on created a false sense of urgency for Plaintiff who was unable to afford to make a $1,982.37 payment; leading to needless emotional distress and anxiety.

17.    Defendant has indicated in a pending lawsuit that it maintains policies relative to the use of letters and envelopes marked with words that such as "**TIME SENSITIVE DOCUMENT**".

18.    As depicted below, in an attempt to collect the AEO, Inc. debt, Defendant mailed a collection letter to Plaintiff dated December 26, 2019. A image of this letter is depicted below:



19.     Defendant's December 26, 2019 letter described a 10% off savings that expired on January 25, 2020, but the letter did not contain language indicated that Defendant was or was not obligated to "renew" the offer provided.

20.     The below image of The envelope that was used to mail the December 26, 2019 letter is depicted below:



21.     As depicted by the above image, the December 26, 2019 letter was mailed to Plaintiff inside an envelope that was embossed with words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" where the words "IMPORTANT DOCUMENT ENCLOSED" formed a circle and the words "ATTENTION REQUESTED" were positioned inside of the circle and off-set at a slight angle.

22.     Defendant's use of the words embossed with words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" on the face of the envelope used to send the December 26, 2019 letter caused Plaintiff to immediately open the envelope.

23.     Defendant embossed and formatted the enveloped used to mailed the December 26, 2019 with words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" for the purpose of causing Plaintiff to immediately open the envelope and read the contents.

24.     The envelope's inclusion of the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" created a false sense of urgency for Plaintiff who was unable to afford to make a $1,982.37 payment; leading to needless emotional distress and anxiety.

25.     Defendant's use of the words embossed with words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" on the face of the envelope used to send the December 26, 2019 letter violated Section 1692f(8).

26.     In an attempt to collect the Old Navy debt, Defendant mailed a collection letter to Plaintiff dated January 25, 2020.

27.     The January 25, 2020 letter contained discounted payments, with specific payment and offer expiration deadlines.

28.     A image of the January 25, 2020 letter is depicted below:



29.     January 25, 2020 letter was sent inside an embossed marked with words

"IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED".

30.     An image of the envelope in question is depicted below:



31.    As depicted above, the words "IMPORTANT DOCUMENT ENCLOSED"
formed a circle and the words "ATTENTION REQUESTED" were positioned inside of the
circle and off-set at a slight angle.

32.     Defendant's use of the words embossed with words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" on the face of the envelope used to send the January 25, 2020 letter caused Plaintiff to immediately open the envelope.

33.     Defendant embossed and formatted the enveloped used to mailed the January 25, 2020 with words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" for the purpose of causing Plaintiff to immediately open the envelope and read the contents.

34.     The envelope's inclusion of the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" created a false sense of urgency for Plaintiff who was unable to afford to make a $1,982.37 payment; leading to needless emotional distress and anxiety.

35.     Defendant's use of the words embossed with words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" on the face of the envelope used to send the January 25, 2020 letter violated Section 1692f(8).

36.     As set forth above, Plaintiff was subjected to deceptive and misleading conduct by Defendant which, as alleged above, materially affected her decision making process.

37.     As a result of Plaintiff's investigation of her rights, she contacted the undersigned counsel's law firm to understand her rights, and has otherwise suffered concrete harm as a result of Defendant's actions, including but not limited to, confusion, emotional distress and anxiety.

38.     Defendant has conducted or commissioned research that demonstrates that so-called least sophisticated consumer and unsophisticated consumer are more likely to open letters sent in envelopes marked "**TIME SENSITIVE DOCUMENT**" and

"IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED" than plain envelopes that do not contain these words.

39.     The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

**IV.  Purpose of the FDCPA**

40.     The introduction section of the FDCPA contains "Congressional findings" and a "declaration of purpose".  15 U.S.C. § 1692. In particular, § 1692 states as follows:

> **(a) Abusive practices**
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> **(b) Inadequacy of laws**
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> **(c) Available non-abusive collection methods**
>
> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> **(d) Interstate commerce**
>
> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> **(e) Purposes**
>
> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

41.     One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

11

42.     In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, include increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

43.     Congress determined that "[e]xisting laws ... are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

44.     Accordingly, the FDCPA generally focuses on a debt collector's conduct without regard for the validity of the alleged debt because "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

45.     The FDCPA protects ethical collectors from being competitively disadvantaged. 15 U.S.C. § 1692(e).

**V. Background Regarding MCM's Prior Violations of FDCPA**

46.     The case of *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020), the Seventh Circuit held that MCM violated the clear language of §1692f(8) when it sent a collection letter to an Illinois consumer inside of an enveloped that was marked with the words "**TIME SENSITIVE DOCUMENT**".

47.     In reversing the district court's order granting MCM 12(b)(6) motion, the Seventh Circuit held as follows:

> We conclude that the language of § 1692f(8) is clear, and its application does not lead to absurd results. To the contrary, the prohibition of any writing on an envelope containing a debt collection letter represents a rational policy choice by Congress. Consequently, we conclude that the district court erred in dismissing Mr. Preston's claim under § 1692f(8).
>
> * * *
>
> On its face, the prohibition is clear: use of *any* language or symbol on an envelope, except for the debt collector's name (if it does not indicate that

12

the collector is in the business of debt collection) and the debt collector's address, violates subsection (8).

*  *  *

The statutory language does, in fact, prohibit debt collectors from sending communications to consumers in envelopes bearing symbols that are indicative of debt collection. The language of the statute simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language.

*  *  *

Turning to the facts here, there is no question that the language "TIME SENSITIVE DOCUMENT" appears on the envelope enclosing a communication to a consumer. It is equally apparent that the language at issue does not fall within the itemized exception set forth in subsection (8): It is not Midland's name nor its address. The inclusion of this phrase thus violates § 1692f(8), and the district court erred in dismissing the claim set forth in Count I of Mr. Preston's complaint.

*Preston*, 948 F.3d 776-77, 781, 783-84 (emphasis in original).

## VI.  Causes of Action

### Count I – Violations of Section 1692f(8) of the FDCPA

48.     Plaintiff incorporates the above allegations as if set forth completely in this Count.

49.     This Count is being brought as an individual cause of action.

50.     The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  In particular, Section 1692f(8) of the FDCPA specifically prohibits:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. §1692f(8).

51.     Defendant violated §1692f when it unfairly attempted to collect upon the subject debts by mailing collection letters to Plaintiff inside of envelopes marked with

the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED".

52.     As alleged above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CANDY L. STORMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

> a.   Declaring that the practices complained of herein are unlawful and violate Section 1692f(8) of the FDCPA;
>
> b.   Enjoining Defendant from using the subject envelopes;
>
> c.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);
>
> d.   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);
>
> e.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

### Count II – Violations of Section 1692f(8) of the FDCPA

53.     Plaintiff incorporates the above allegations as if set forth completely in this Count.

54.     This Count is being brought as an individual cause of action.

55.     The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  In particular, Section 1692f(8) of the FDCPA specifically prohibits:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. §1692f(8).

56.     Defendant violated §1692f when it unfairly attempted to collect upon the subject debts by mailing collection letters to Plaintiff inside of envelopes embossed with the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED".

57.     As alleged above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CANDY L. STORMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

     a.  Declaring that the practices complained of herein are unlawful and violate Section 1692f(8) of the FDCPA;

     b.  Enjoining Defendant from using the subject envelopes;

     c.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

     d.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

     e.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

## Count III – Class Action Based Violations of Section 1692f(8) of the FDCPA

58.     The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  In particular, Section 1692f(8) of the FDCPA specifically prohibits:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. §1692f(8).

59.     Defendant violated §1692f when it unfairly attempted to collect upon the subject debts by mailing collection letters to Plaintiff inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**".

60.     As alleged above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

61.     Defendant's use of the above identified form letters and form envelopes satisfy the numerosity element of FRCP 23(a)(1) because Defendant has plausibly mailed out well over 40 identically formatted letters and envelopes to consumers in this district.

62.     Defendant's use of the above identified form letters and form envelopes satisfy the elements of FRCP 23(a)(2) and 23(a)(3) because the illegality of Defendant's conduct is question of fact and law that is typical and common to Plaintiff and the proposed class members.

63.     Plaintiff satisfies FRCP 23(a)(4) because she will fairly and adequately protect the interests of the proposed class members.

64.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

65.     Plaintiff's counsel, James C. Vlahakis, is an experienced consumer class action litigator. For example, on May 15, 2018, Mr. Vlahakis was appointed to the Steering Committee in a nationwide class action against Apple, Inc. *See, In Re: Apple Inc. Device Performance Litigation*, 18-md-02827 (N.D. Cal. May 15, 2018) (Dkt. Entry no. 99). After extended litigation, the parties proposed a $310 to $500 million dollar settlement to the court which received preliminary on May 15, 2020) (Dkts. 415-16, 420, 429).

66.     Before becoming a consumer rights attorney, Mr. Vlahakis worked at Hinshaw & Culbertson for nearly twenty years, where he specialized in defending debt collectors in class action litigation. As a former defense attorney, Mr. Vlahakis understands the types of defenses that creditors and debt collectors typically raise in TCPA class actions.

16

67.     For example, in his former role as a defense attorney, Mr. Vlahakis *defeated* a motion to certify a TCPA based class action in *Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92 (N.D. Ill. Mar. 28, 2013), reconsideration denied, 2013 U.S. Dist. LEXIS 105352 (N.D. Ill. July 29, 2013). In *Pesce v. First Credit Services, Inc.*, 2012 U.S. Dist. LEXIS 188745 (N.D. Ill. June 6, 2012), Mr. Vlahakis caused a previously certified TCPA class action to be decertified after proving that the class representative had a unique defense that ran against commonality and typicality.

68.     Further, Mr. Vlahakis was lead plaintiff's counsel in *Preston v. Midland Credit Management, Inc.*, 948 F.3d 776 (7th Cir. 2020) where the Seventh Circuit reversed in part the district court's order granting MCM's 12(b)(6) motion to dismiss.

69.     Plaintiff can satisfy FRCP 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

70.     Plaintiff can also satisfy FRCP 23(b)(2) because Defendant has acted on grounds that apply to the class so that final injunctive and/declaratory relief sought below is appropriate relief respecting the proposed class as a whole.

71.     The proposed class is defined as follows:

> All persons within this judicial district who were mailed debt collection letters to attempt to collect non-business account credit cards debts originally owed to Synchrony Bank where Defendant mailed collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**".

72.     This class is limited to a time-period of one year prior to the filing of the Operative Complaint (or the First Amended Complaint until Defendant ceases its unlawful conduct.

WHEREFORE, Plaintiff, CANDY L. STORMER, on behalf of similarly situated class members respectfully requests that this Honorable Court enter judgment in her favor as follows:

      a. Declaring that the practices complained of herein are unlawful and violate Section 1692f(8) of the FDCPA;

      b. Enjoining Defendant from using the subject envelopes;

      c. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

      d. Awarding class members actual and statutory damages and

      e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count IV – Class Action Based Violations of Section 1692f(8) of the FDCPA**

73.    The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  In particular, Section 1692f(8) of the FDCPA specifically prohibits:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. §1692f(8).

74.    Defendant violated §1692f when it unfairly attempted to collect upon the subject debts by mailing collection letters to Plaintiff inside of envelopes embossed and formatted with the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED".

75.    As alleged above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

18

76.     Defendant's use of the above identified form letters and form envelopes satisfy the numerosity element of FRCP 23(a)(1) because Defendant has plausibly mailed out well over 40 identically formatted letters and envelopes to consumers in this district.

77.     Defendant's use of the above identified form letters and form envelopes satisfy the elements of FRCP 23(a)(2) and 23(a)(3) because the illegality of Defendant's conduct is question of fact and law that is typical and common to Plaintiff and the proposed class members.

78.     Plaintiff satisfies FRCP 23(a)(4) because she will fairly and adequately protect the interests of the proposed class members.

79.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

80.     Plaintiff's counsel, James C. Vlahakis, is an experienced consumer class action litigator. For example, on May 15, 2018, Mr. Vlahakis was appointed to the Steering Committee in a nationwide class action against Apple, Inc. *See, In Re: Apple Inc. Device Performance Litigation*, 18-md-02827 (N.D. Cal. May 15, 2018) (Dkt. Entry no. 99). After extended litigation, the parties proposed a $310 to $500 million dollar settlement to the court which received preliminary on May 15, 2020) (Dkts. 415-16, 420, 429).

81.     Before becoming a consumer rights attorney, Mr. Vlahakis worked at Hinshaw & Culbertson for nearly twenty years, where he specialized in defending debt collectors in class action litigation. As a former defense attorney, Mr. Vlahakis understands the types of defenses that creditors and debt collectors typically raise in TCPA class actions.

82.     For example, in his former role as a defense attorney, Mr. Vlahakis *defeated* a motion to certify a TCPA based class action in *Jamison v. First Credit Services,*

*Inc.*, 290 F.R.D. 92 (N.D. Ill. Mar. 28, 2013), reconsideration denied, 2013 U.S. Dist. LEXIS 105352 (N.D. Ill. July 29, 2013). In *Pesce v. First Credit Services, Inc.*, 2012 U.S. Dist. LEXIS 188745 (N.D. Ill. June 6, 2012), Mr. Vlahakis caused a previously certified TCPA class action to be decertified after proving that the class representative had a unique defense that ran against commonality and typicality.

83.     Further, Mr. Vlahakis was lead plaintiff's counsel in *Preston v. Midland Credit Management, Inc.*, 948 F.3d 776 (7th Cir. 2020) where the Seventh Circuit reversed in part the district court's order granting MCM's 12(b)(6) motion to dismiss.

84.     Plaintiff can satisfy FRCP 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

85.     Plaintiff can also satisfy FRCP 23(b)(2) because Defendant has acted on grounds that apply to the class so that final injunctive and/declaratory relief sought below is appropriate relief respecting the proposed class as a whole.

86.     The proposed class is defined as follows:

> All persons within this judicial district who were mailed debt collection letters to attempt to collect non-business account credit cards debts originally owed to Synchrony Bank where Defendant mailed collection letters inside of envelopes embossed and formatted with the words "IMPORTANT DOCUMENT ENCLOSED", "ATTENTION REQUESTED".

87.     This class is limited to a time-period of one year prior to the filing of the Operative Complaint (or the First Amended Complaint until Defendant ceases its unlawful conduct.

WHEREFORE, Plaintiff, CANDY L. STORMER, on behalf of similarly situated class members respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Section 1692f(8) of the FDCPA;

b. Enjoining Defendant from using the subject envelopes;

c. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

d. Awarding class members actual and statutory damages and

e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

Plaintiff demands a jury trial.

Respectfully submitted, on behalf of
Plaintiff and all other similarly situated

_/s/ James C. Vlahakis_
James Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave.,
Suite 200
Lombard, IL  60148
(630) 575 - 8181
Email:  jvlahakis@sulaimanlaw.com